RECEIPT #
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7-25-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID PALES,                           )
                                       )
          Plaintiff                    )
                                       )
     v.                                )     Civil Action No. _____
                                       )
UNUMPROVIDENT CORPORATION,             )
                                       )
          Defendant                    )

## 05  11556 WGY

**NOTICE OF REMOVAL**                  MAGISTRATE JUDGE Alexander

To:    The Judges of the United States District Court for the District of Massachusetts

       Defendant UnumProvident Corporation ("UnumProvident"), a corporation

organized and existing under the laws of the State of Delaware, by counsel, pursuant to

28 U.S.C. §§ 1441, et seq., requests removal of a civil action commenced in the

Middlesex Superior Court, styled David Pales v. UnumProvident Corporation, Docket

No. 0MICV2005-01409L2. In support of removal, UnumProvident respectfully states:

       1.     Plaintiff commenced this action by filing a Complaint (the "Complaint")

against Defendant in the Middlesex Superior Court of Massachusetts. Plaintiff alleges

claims for failure to pay benefits pursuant to a group long-term disability insurance

policy issued by Unum Life Insurance Company of America, a subsidiary of

UnumProvident. Copies of all process, pleadings, and other orders served upon

UnumProvident are attached hereto as Exhibit A.

       2.     Defendant received service of the Complaint and Summons no sooner than

July 1, 2005.

{W0373341.1}

3.     This Court has original jurisdiction of this action pursuant to 28 U.S.C.
§ 1331 and 29 U.S.C. § 1132(e), and the action may therefore be removed to this Court
pursuant to 28 U.S.C. § 1441(a).

4.     The policy provided by UnumProvident pursuant to which Plaintiff claims
benefits is a group disability insurance policy established by Plaintiff's employer for the
benefit of its employees. As such, it is an "employee welfare benefit plan" for purposes
of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.
ERISA preempts all state laws relating to the plan. 29 U.S.C. § 1144. A proper action to
recover benefits due under the plan can be brought only pursuant to 29 U.S.C.
§ 1132(a)(1)(B).

5.     Defendant desires to remove this action to this Court.

6.     Pursuant to 28 U.S.C. § 1446(b), removal is timely filed within thirty days
after service upon Defendant of the initial pleading setting forth the claims for relief. *See*
*Murphy Bros., Inc. v. Michetti Pipe Stringing*, 526 U.S. 344, 348, 354 (1999).

7.     Pursuant to 28 U.S.C. § 1446(d), the Defendant will shortly be filing a
copy of the Notice of Removal with the Middlesex Superior Court, and sending copies of
the Notice to Plaintiff's counsel.

8.     Pursuant to the United States District Court for the District of Massachu-
setts Local Rule 81.1(a), Defendant will file certified or attested copies of all records and
proceedings in the state court and a certified or attested copy of all docket entries in the
state court.

WHEREFORE, Defendant respectfully requests that the above-captioned action
be removed from the Middlesex Superior Court to this Court.

DATED:    July 22 , 2005

John J. Aromando, BBO #545648

Pierce Atwood LLP
One Monument Square
Portland, ME  04101
(207) 791-1100

*Attorneys for Defendant*
*UnumProvident Corporation*

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

.......... MIDDLESEX .......... , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05- 0 1409

RECEIVED
JUL 0 5 2005
LAW DEPT.

.... David Pales .......... , Plaintiff(s)

v.

.... UNUM Provident Corp , Defendant(s)

## SUMMONS

To the above-named Defendant: UNUM Provident Corp

You are hereby summoned and required to serve upon .... TODD D. Beauregard .......... plaintiff's attorney, whose address is .. 45 Merrimack Street #330, Lowell, MA 01852 ...., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at .... Cambridge .......... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**
Witness, ~~Suzanne V. DelVecchio~~, Esquire, at ........ Cambridge ..........

the ........ 26th ........ day of ........ April ..........

...................., in the year of our Lord ........ 2005 ........ .

A true copy Attest:

7/18/05

Deputy Sheriff Suffolk County        Edward J. Sullivan

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX,ss**

DAVID PALES,  )
         Plaintiff  )
           )
VS.  )
           )
UNUM PROVIDENT CORP.,  )
         Defendant  )

**SUPERIOR COURT DIVISION**
**CIVIL ACTION NO:**

RECEIVED
JUL 05 2005
LAW DEPT.

### VERIFIED COMPLAINT

1. The plaintiff, David Pales is a resident of 770 Wellman Avenue, North Chelmsford, Middlesex County, Massachusetts.

2. The defendant, UNUMProvident Corp., is an insurance corporation with an usual place of business located at 655 North Central Avenue, Suite 800, Glendale, CA  91203.

### COUNT I

3. The Plaintiff, realleges and repeats the allegations set forth in paragraphs one through two and hereby incorporates them by reference part of this count.

4. On or about October 24, 2000, the plaintiff, David Pales was injured as a pedestrian by a motor vehicle insured with Safety Insurance Company.

5. As a result of said incident, the plaintiff, David Pales, was injured, was prevented from transacting his business, suffered great pain of body and mind.

6. On October 24, 2000, the plaintiff, David Pales, had in effect a disability insurance policy issued by the defendant, UNUMProvident Corp, which policy had in effect coverage in the event the plaintiff becomes disabled.

7. A controversy has arisen relating to the plaintiff's entitlements and the defendant's obligations under said policy of insurance.

8. Plaintiff claims that the defendant, UNUMProvident Corp. terminated his coverage as part of its practice to selectively target those who were receiving long-term, high-end stipends.

9. The Defendant, UNUMProvident Corp. breached the contract by failing to substantially perform by not fully compensating the Plaintiff by terminating his disability coverage/benefits, even though he was still debilitated and provided medical substantiation of such disability.

10.     As a result of the defendants aforementioned conduct, the plaintiff was caused to sustain money damages in the amount of $ 250,000.00.

    **WHEREFORE**, the Plaintiff demands judgment against the Defendant, UNUMProvident Corp., for actual damages, multiple damages, punitive damages, attorney fees, interest and costs of this action.

## COUNT II

11.     The Plaintiff, realleges and repeats the allegations set forth in paragraphs one through ten and hereby incorporates them by reference part of this count.

12.     Defendant, UNUMProvident Corp, is engaged in trade or commerce.

13.     By a policy of insurance, issued by defendant, UNUM to David Pales, UNUM agreed to insure the former for claims of both short term and long term disability coverage in the event the plaintiff becomes disabled.

14.     While the policy was in full force and effect and during said coverage period, to wit, on or about October 24, 2000, plaintiff was caused to be disabled.

15      Defendant, UNUMProvident Corp.'s conduct violates M.G.L. ch. 176D, sec. 3(9)(a) misrepresenting pertinent facts or insurance policy provisions relating to coverage at issue;

16.     Defendant, UNUMProvident Corp.'s conduct violates M.G.L. ch. 176D sec 3 (9)(b) by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

17.     Defendant, UNUMProvident Corp.'s, conduct violates M.G.L. ch. 176D, sec. 3(9)(f) by failing to effectuate a prompt, fair and equitable settlement of a liability claim where liability has become reasonably clear.

18.     Defendant, UNUMProvident Corp.'s conduct violates M.G.L. ch. 176 D, sec (9)(n) by failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of compromise settlement.

19.     Defendant, UNUMProvident Corp.'s, conduct also violates the Massachusetts Consumer Protection Act, M.G.L. c. 93A, sections two and nine.

20.     A demand letter containing all allegations contained in paragraphs 15 through 19, in accordance with M.G.L. c. 93A, sec. 9(3) was sent by plaintiff, by certified mail, return-receipt requested, on or about February 2, 2005. A copy of said demand letter is attached hereto as Exhibit "A".

21.     Defendant did not respond to said 93A demand letter during the period of time required by law.

22.    As a result of the unfair and deceptive acts or practices employed by the defendant, UNUMProvident Corp., plaintiff has been severely injured, was prevented from transacting his business and suffered great pain of body and mind.

23.    The acts, practices or omissions of the defendant, UNUMProvident Corp., resulted in the loss described in paragraphs 15 through 19, supra, were done wilfully or knowingly in violation of M.G.L. c. 93A, sec. 2 and 9.

**WHEREFORE,** the plaintiff demands judgment against the defendant, UNUMProvident Corp. for actual damages, multiple damages, attorney fees, interest and costs of this action.

Respectfully submitted by David Pales;

SUBSCRIBED AND SWORN UNDER THE PAINS AND PENALTIES OF PERJURY THIS

_____22_____ DAY OF _April_____ 2005.

DAVID PALES

# Exhibit A

# PALMA LAW OFFICES, P.C.

**GERARD A. PALMA**
**TODD D. BEAUREGARD**
**SANJAY SANKARAN**

LOWELL OFFICE - ALL REPL
45 Merrimack Street, Suite
Lowell, MA 01852
Telephone (978) 970-2211
Fax (978) 441-3144

NORTH ANDOVER OFFICE
790 Turnpike Street, Suite
Jefferson Office Park

February 2, 2005

Amber Sobaje, UNUMProvident
Glendale Customer Care Center
655 North Central Avenue, Suite 800
Glendale, CA 91203-1400

    RE:      David Pales
Claim #:     0099507591
    SSN:     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

Dear Ms. Sobjae:

I am writing this letter as counsel for David Pales regarding the above-referenced matter. Please be advised that this constitutes a written demand for relief pursuant to the Massachusetts Consumer Protection Act, M.G.L.A. ch. 93A. On or about October 24, 2000, Mr. Pales was injured by a motor vehicle while a pedestrian. As a result of said incident David Pales was injured and was prevented from transacting his business and as a result was unable to work.

At the time of the aforementioned incident, Mr. David Pales had in effect a disability insurance policy issued by UNUMProvident Corp. Said policy was to provide short term and long term disability coverage in the event the plaintiff becomes disabled.

Mr. Pales collected short term disability benefits from his UNUM policy from April 18, 2001 through October 16, 2001 as the twenty-six (26) weeks of maximum benefits expired on this day. As such, Mr. Pales is entitled to long term disability benefits from October 17, 2001 through September 14, 2002, when his medical condition improved allowing him to obtain employment within his medical limitations.

On or about September 23, 2003, UNUM denied Mr. Pales' claim for long term disability stating that it was not filed timely and that we did not provide the documentation that UNUM requested, claims that are erroneous.

First, Mr. Pales's Short term disability claim for benefits was not approved until July 24, 2003, after this office had submitted an appeal of UNUM's first denial for short term benefits. It would not have been practical for Mr. Pales to apply for long term disability benefits before he had been first approved and exhausted his short term disability benefits. If there has been a delay in the processing of this claim it clearly is a result of UNUM's dilatory conduct.

Second, my client and my office have provided UNUM with every document it had requested. UNUM had more than sufficient time to make a determination on this claim and once denied

*Page 2*
*February 2, 2005*
*Pales, David*

It is our contention that you are engaged in delay tactics designed to unjustly withhold benefits due to Mr. Pale's and simply demonstrates the continuation of the pattern of unfair claims settlement practices by UNUM.

Additionally, we assert that UNUM selectively targets those who were receiving high-end stipends and forces him to unnecessarily litigate this clear liability claim by unjustly terminating their benefits.

It is our contention that this is a common practice employed by UNUMProvident Corp. on substantially similar, clear-disability claims.

For the aforementioned reasons, it is our contention that UNUM Provident Corp conduct constitutes unfair claim practices, as defined by the following subsections of Ch. 176D sec. 3(9):

- (a) Misrepresenting pertinent facts or insurance policy provisions relating to coverage at issue;

- (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

- (f) Failing to effectuate prompt, fair and equitable settlement of claims in which disability has become reasonably clear;

- (n) Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of compromise settlement;

As a direct result of UNUMProvident Corp.'s unfair and deceptive trade practices and acts, Mr. David Pales has been caused to suffer money damages in the amount of $ 175,000.00 in addition to legal fees, interest and costs of this action.

In the event that this matter is not resolved within the next thirty (30) days, I intend to file suit pursuant to the M.G.L. ch. 93A and M.G.L. ch. 176D, seeking an award of treble damages, costs and attorney fees.

I await your response.

Sincerely,

Todd D. Beauregard, Esq.
TDB:djk

**CERTIFIED MAIL RETURN-RECEIPT REQUESTED**
**ARTICLE NO (7099 3400 0007 8982 8024 )**



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Amber Soloway, UMUM
Providentialt,
Medicale Customer
Care Center
55 U. Central Ave, Ste. 800
Glendale, CA 91203-1400

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

X _____  □ Agent  □ Addressee

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

FEB 13

3. Service Type
   ☑ Certified Mail   □ Express Mail
   □ Registered       □ Return Receipt for Merchandise
   □ Insured Mail     □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
(Transfer from service label) 7099 3400 0007 9597 8251

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Article Sent To:

| | |
|---|---|
| Postage | $ .37 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.42 |

Postmark Here  2/3/05

55 North Central Avenue Suite 800
Glendale CA 91203-1400

See Reverse for Instructions
PS Form 3800, July 1999

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2005-01409-L2**

RE:   **Pales v Unum Provident Corporation**

TO:Todd Beauregard, Esquire
Palma Law Offices PC
45 Merrimack Street
Suite 330
Lowell, MA 01852



RECEIVED
JUL 05 2005
LAW DEPT.

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described
below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 07/25/2005 |
| Response to the complaint filed (also see MRCP 12) | 09/23/2005 |
| All motions under MRCP 12, 19, and 20 filed | 09/23/2005 |
| All motions under MRCP 15 filed | 09/23/2005 |
| All discovery requests and depositions completed | 02/20/2006 |
| All motions under MRCP 56 served and heard | 03/22/2006 |
| Final pre-trial conference held and firm trial date set | 04/21/2006 |
| Case disposed | 06/20/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**
This case is assigned to session L2 sitting in Cv CrtRm 2 (Cambridge) at **Middlesex
Superior Court.**

Dated: 04/26/2005

Edward J. Sullivan
Clerk of the Courts
BY: Matt Day
Assistant Clerk

Location: Cv CrtRm 2 (Cambridge)
Telephone: 617-494-4010

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County:  MIDDLESEX |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| **DAVID PALES** | **UNUM PROVIDENT CORP.** |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Todd D. Beauregard, Esquire – PALMA LAW OFFICES, P.C. 45 Merrimack Street, Suite 330, Lowell, MA  01852 | |
| Board of Bar Overseers number: 630650 | |

**Origin code and track designation**

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup. Ct.231,s 104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup. Ct. C.231, s. 102C (X)

☐ 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
☐ 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (Specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Services | ( F ) | ( X ) Yes       ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................................................$..................
2. Total Doctor expenses ..............................................................................................................................$..................
3. Total chiropractic expenses ......................................................................................................................$..................
4. Total physical therapy expenses...............................................................................................................$..................
5. Total other expenses (describe) ...............................................................................................................$..................

Subtotal  $......................

B. Documented lost wages and compensation to date .....................................................................................$..................
C. Documented property damages to date ......................................................................................................$ ..................
D. Reasonably anticipated future medical and hospital expenses....................................................................$ ..................
E. Reasonably anticipated lost wages .............................................................................................................$ ..................
F. Other documented items of damages (describe)

$ ......................

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ ......................

TOTAL $.........................

**CONTRACT CLAIMS**

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):  On October 24, 2000, Plaintiff had in effect a policy of disability insurance, including both short term and long term coverage.  A demand for said long term benefits was made and denied.

TOTAL **$ 250,000.00**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: _____

**CIVIL ACTION COVER SHEET**

# Commonwealth of Massachusetts

**MIDDLESEX,ss**

**SUPERIOR COURT DIVISION**
**CIVIL ACTION NO: MICV2005-01409**

DAVID PALES,                          )
          Plaintiff            )
                           )
VS.                                   )
                           )
UNUM PROVIDENT. CORP.,                )
          Defendant            )

## *PLAINTIFF'S REQUEST FOR ADMISSIONS PROPOUNDED UPON THE DEFENDANT, UNUM PROVIDENT CORP.*

1.  The plaintiff, David Pales is a resident of 770 Wellman Avenue, North Chelmsford, Middlesex County, Massachusetts.

2.  The defendant, UNUMProvident Corp., is an insurance corporation with a usual place of business located at 655 North Central Avenue, Suite 800, Glendale, CA  91203.

3.  On or about October 24, 2000, the plaintiff, David Pales was injured as a pedestrian by a motor vehicle insured with Safety Insurance Company.

4.  On or about November 26, 2000, plaintiff was further injured when he slipped and fell at work due to the injury sustained in the motor vehicle accident of October 24, 2000.

5.  As a result of said incident, the plaintiff, David Pales, was injured, was prevented from transacting his business, suffered great pain of body and mind.

6.  On October 24, 2000, the plaintiff, David Pales, had in effect a disability insurance policy administered by the defendant, UNUMProvident Corp, which policy had in effect coverage in the event the plaintiff becomes disabled.

7.  A controversy has arisen relating to the plaintiff's entitlements and the defendant's obligations under said policy of insurance.

8.  That the defendant, UNUMProvident Corp. terminated Mr. Pales's coverage as part of its practice to selectively target those who were receiving long-term, high-end stipends.

9.  The Defendant, UNUMProvident Corp. breached the contract by failing to substantially perform by not fully compensating the Plaintiff by terminating his disability coverage/benefits, even though he was still debilitated and provided medical substantiation of such disability.

10. UNUM failed to select medical examiners based solely on merit, and also failed to ensure that those examiners review all relevant records before reaching a determination with respect to the handling of Mr. Pales's claim for long term disability benefits.

11. UNUM failed to require personnel making impairment determinations to certify that their determinations were based upon a review of all the relevant evidence with respect to the handling of Mr. Pales's claim for long term disability benefits.

12. UNUM failed to prohibit company personnel from trying to influence the outcome of disability claim appeals with respect to the handling of Mr. Pales's claim for long term disability benefits.

13. UNUM based its denial of long term disability benefits upon the impact upon UNUM's earnings instead of on the merits of Mr. Pales's claim.

14. UNUM failed to grant significant weight to findings of disability by the United States Social Security Administration with respect to the handling of Mr. Pales's claim for long term disability benefits.

15. As a result of the defendants aforementioned conduct, the plaintiff was caused to sustain money damages in the amount of $ 250,000.00.

16. Defendant, UNUMProvident Corp, is engaged in trade or commerce.

17. By a policy of insurance, issued by defendant, UNUM to David Pales, UNUM agreed to insure the former for claims of both short term and long term disability coverage in the event the plaintiff becomes disabled.

18. While the policy was in full force and effect and during said coverage period, to wit, on or about October 24, 2000, plaintiff was caused to be disabled.

19 Defendant, UNUMProvident Corp.'s conduct violates M.G.L. ch. 176D, sec. 3(9)(a) misrepresenting pertinent facts or insurance policy provisions relating to coverage at issue;

20. Defendant, UNUMProvident Corp.'s conduct violates M.G.L. ch. 176D sec 3 (9)(b) by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

21. Defendant, UNUMProvident Corp.'s, conduct violates M.G.L. ch. 176D, sec. 3(9)(f) by failing to effectuate a prompt, fair and equitable settlement of a liability claim where liability has become reasonably clear.

22. Defendant, UNUMProvident Corp.'s conduct violates M.G.L. ch. 176 D, sec (9)(n) by failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of compromise settlement.

23. Defendant, UNUMProvident Corp.'s, conduct also violates the Massachusetts Consumer Protection Act, M.G.L. c. 93A, sections two and nine.

24. A demand letter containing all allegations contained in paragraphs 13 through 17, in accordance with M.G.L. c. 93A, sec. 9(3) was sent by plaintiff, by certified mail, return-receipt requested, on or about February 2, 2005.

25. Defendant did not respond to said 93A demand letter during the period of time required by law.

26. As a result of the unfair and deceptive acts or practices employed by the defendant, UNUMProvident Corp., plaintiff has been severely injured, was prevented from transacting his business and suffered great pain of body and mind.

27. The acts, practices or omissions of the defendant, UNUMProvident Corp were done willfully or knowingly in violation of M.G.L. c. 93A, sec. 2 and 9.

Respectfully submitted,
Plaintiff, David Pales
By his attorney,

Date 6/25/05

Todd D. Beauregard, Esquire
BBO# 630650
PALMA LAW OFFICES, P.C.
45 Merrimack Street - Suite 330
Lowell, MA  01852
978-970-2211

# Commonwealth of Massachusetts

MIDDLESEX, SS.                      SUPERIOR COURT DEPARTMENT
                                    OF THE TRIAL COURT
                                    CIVIL ACTION NO.: MICV2005-01409


DAVID PALES,

               **PLAINTIFF**

      v.

UNUM PROVIDENT CORPORATION,
               **DEFENDANT**

## FIRST SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFF TO BE ANSWERED UNDER OATH BY DEFENDANT

**Please take notice that,** pursuant to Rules 26 and 33 of the Massachusetts Rules of Civil Procedure, and to the Instructions and Definitions set forth below, you are hereby required to submit, under oath and subject to the pains and penalties of perjury, written responses to the following Interrogatories propounded by Plaintiff, David Pales, the same to be filed with Todd D. Beauregard, Plaintiff's Attorney of record, within thirty (30) days from the date hereof.

## I. INSTRUCTIONS

You are required, when answering the following Interrogatories, to make inquiry of your agents, servants, employees, accountants, advisors, attorneys, banks and bankers, bookkeepers, brokers, consultants, creditors, debtors, employers, financial planners, health care professionals, trustees and any and all other persons who are in any way able to assist you in providing your complete responses to these Interrogatories; and to examine any and all documents as described in II. DEFINITIONS, below, which are in any way relevant and necessary to aid you in providing your complete responses to these Interrogatories.

If you are unable to answer any Interrogatory or part thereof, you are required to answer to the best of your ability and to state the reason for your inability to answer and what efforts you have made to obtain the requested information.

These Interrogatories are to be deemed continuing in nature, requiring supplemental answers thereto to the extent required by Rule 26(e) of the Massachusetts Rules of Civil Procedure. If you or your attorney, or any other person or persons representing your interests should discover any additional information relevant to these Interrogatories, or discover any other person or persons having knowledge relevant to these Interrogatories, you are required to provide such additional information and to furnish the names and addresses of such persons to Plaintiff's Attorney of record; and, in the event such other person or persons are anticipated to be witnesses in this matter, to give timely notice as to such witnesses and as to their anticipated testimony in connection with any of the issues

1

involved herein. [*See* IV. SUPPLEMENTAL RESPONSES TO INTERROGATORIES, *below.*]

## II. DEFINITIONS

As used in these Interrogatories, the definitions of the terms set forth below shall be as follows:

- "You" and "your" shall refer to Defendant, or, wherever applicable, to anyone acting on Plaintiff's behalf.

- "Person" or "persons" shall include natural persons, sole proprietorships, firms, partnerships, associations, joint ventures and corporations.

- "Accident" or "occurrence" shall mean the incident alleged in the Complaint.

- "Documents" shall mean all documents and all written, recorded or graphic matter of any kind and nature whatsoever, however produced or reproduced, whether hand-written, typed or computer-generated, including, but not limited to, the following:

  account statements; analyses; applications; bank statements, passbooks and other bank records; bills; books and books of account; business diaries; cancelled checks and check stubs; certificates, certificates of deposit and other depository records; computer tapes and like-recorded data; contracts; correspondence and other communications, however transmitted and/or recorded; data processing forms and reports; evaluations; insurance policies and premium invoices; ledgers; minutes of meetings; notes; office memoranda; opinions; pamphlets; personal diaries; personal memoranda; police reports; profit and loss statements; recordings of any kind or nature; records of health professionals; reports; schedules; statements and statements of earnings; tax returns, including forms and schedules attendant thereto; telephone and other communication logs and records; videotapes; and all drafts and non-identical copies of the foregoing.

- The words "identify", "identity" or "identification" when used in reference to a natural person shall mean to state his full name and present or last known address, his present or last known position and business affiliation, and each of his positions during the relevant time period as defined below; when used in reference to a document kept or prepared in the course of business such words shall mean to state its date, its author, the type of document (*e.g.*, letter, memorandum, telegram, chart, photograph, sound reproduction, etc.), a brief description of its contents or, if the above information is not available, some other means of identifying it and its present location and the name of its present custodian(s). If any such document was, but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is (a) missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to others and if so, to whom, or (d) otherwise disposed of, and in each instance, explain the circumstances surrounding and authorization for such disposition thereof and state the date or approximate date thereof.

- The use of any singular term shall be deemed to be inclusive of more than one, wherever applicable.

2

## III. CLAIMS OF PRIVILEGE

If you invoke a claim of privilege as to any Interrogatory, you are required to answer such Interrogatory by so declaring and by stating briefly and with particularity the facts or circumstances alleged by you in support of such claim.

## IV. SUPPLEMENTAL RESPONSES TO INTERROGATORIES

Pursuant to Rule 26(e) of the Massachusetts Rules of Civil Procedure, all Interrogatories, the responses to which are later found to have been incorrect when made or no longer to be true, will be deemed to be continuing in nature so as to require supplemental answers through the time of trial. Such supplemental answers shall be furnished within a reasonable time after the occurrence of the event necessitating the supplemental answers.

## V. INTERROGATORIES

### *INTERROGATORY NO. 1*

State your full name, date of birth, place of residence, occupation, all employment and/or business names and addresses, Social Security Number and your marital status.

### *INTERROGATORY NO. 2*

If your organization is a Corporation, state defendant corporation's full and true interest in the premises described in plaintiff's complaint on or about the time of the accident; when defendant acquired same, giving the dates as exactly as possible; setting forth specifically whether defendant owned and/or controlled the premises; state by name and address who created the corporation; and give the names and addresses of all board members, president, treasurer and clerk.

### *INTERROGATORY NO. 3*

Please describe fully and in complete detail how allegations set forth in plaintiff's complaint occurred, stating what you did, what the plaintiff did, what any third party may have done, and what happened in the order in which such events took place.

### *INTERROGATORY NO. 4*

Please state the date UNUM PROVIDENT CORPORATION{hereinafter referred to as UNUM} entered into a contract with the plaintiff, or the plaintiff's employer for short and long term disability benefits.

### *INTERROGATORY NO. 5*

Please state the nature, terms and nature of the contract with the plaintiff, Mr. Pales, or CISCO Systems for short and long term disability benefits.

### *INTERROGATORY NO. 6*

Did UNUM or any of its agents, employees receive a M.G.L. ch. 93A letter on behalf of David Pales. If the answer to the aforementioned is in the affirmative, kindly state on which date said letter was received and upon which date was a written response to that letter sent by the defendant.

### *INTERROGATORY NO. 7*

Please list all witnesses to the action which is the subject of this complaint.

### *INTERROGATORY NO. 8*

Did UNUM pay short term disability benefits to the Plaintiff from April 18, 2001 through October 16, 2001? If so, please state when and why said benefits were paid.

### *INTERROGATORY NO. 9*

Please provide the name and address of each and every individual who evaluated Mr. Pales's claim for long term disability, who was employed or hired to do so by the defendant.

### *INTERROGATORY NO. 10*

Please identify every person who has personal knowledge of the facts and circumstances alleged in your complaint. When identifying each individual kindly provide that person's full name, address, and the substance of that person's knowledge as it relates to the allegations in your Complaint.

### *INTERROGATORY NO. 11*

Please state whether any investigation of the allegation, set forth in the complaint, has been made by you, your attorney, any employee or agent of yours, any other person on your behalf, or by any insurance company or other person or organization, and, if so, please state the name and address of each such person or organization conducting each such investigation, the name and address of the person or organization having possession or custody of the results of each such investigation.

(Please note that this interrogatory does not seek any information protected from discovery by the attorney-client privilege or as work product in anticipation of litigation; this interrogatory merely asks you to state whether or not any investigations have been performed and, if so, to identify the person who conducted each such investigation.)

### *INTERROGATORY NO. 12*

Please state whether any statements, photographs, motion pictures, charts or diagrams relating to the allegations in the Plaintiff's complaint, have been taken or made by you, your attorney, an employee or agent of yours, any other person in your behalf, or any insurance company or any other person or organization, and, if so, please identify and describe the contents of each such item and state when, where, and by whom it was taken or made and the name and address of the person or organization now having possession or custody of each such item.

4

### *INTERROGATORY NO. 13*

Please provide a detailed description of the grounds in which Mr. Pales's claim for long-term disability under the UNUM policy was denied.

### *INTERROGATORY NO. 14*

What are the facts, if any, relating to the conduct of the Plaintiff which you allege contributed to the denial of long term disability benefits under the UNUM policy?

### *INTERROGATORY NO. 15*

Please list all witnesses you intend to call at the trial of this matter.

### *INTERROGATORY NO. 16*

Please identify each expert consulted, employed or retained by you in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, by his name, address, business address, profession and occupation.

### *INTERROGATORY NO. 17*

Please state the name, residence, business address, occupation and specialty of each person you expect may be called by you as an expert witness at the trial of this action, setting forth:

(a)     the subject matter, in detail, on which each such person may be expected to testify;
(b)     in detail, the substance of all facts about which such person may be expected to testify;
(c)     in detail, the contents of all opinions to which such person may be expected to testify.
(d)     in detail, a summary of the grounds for each such opinion and the substance of all facts on which such opinions are based.

### *INTERROGATORY NO. 18*

With respect to UNUM's claim handling procedures, please state how UNUM selects the medical examiners who conduct the medical record evaluations and how they reach a determination relative to a claimant's impairment.

### *INTERROGATORY NO. 19*

With respect to UNUM's claim handling procedures, please state if you required personnel making impairment determinations to certify that their determinations were based upon a review of all relevant evidence with respect to

(a)     claims in general
(b)     Mr. Pales's claim for disability benefits to UNUM

### *INTERROGATORY NO. 20*

With respect to UNUM's claim handling procedures, please state if UNUM prohibits company

5

personnel from trying to influence the outcome of disability claim appeals. If the answer is in the affirmative, please state in detail how such prohibitions are implemented.

### INTERROGATORY NO. 21

With respect to UNUM's claim handling procedures, please state if UNUM gives any consideration or weight to findings of disability by the United States Social Security Administration.

### INTERROGATORY NO. 22

Did UNUM pay short term disability benefits to the Plaintiff from April 18, 2001 through October 16, 2001? If so, please state when and why said benefits were denied or terminated.

### INTERROGATORY NO. 22

Please identify each and every document relied upon by UNUM in the denial of Mr. Pales's disability claim. Further identify the exact location of each and every document.

Respectfully submitted,
Plaintiff, David Pales
By his attorney,

Date 6/18/05

Todd D. Beauregard, Esquire
BBO# 630650
PALMA LAW OFFICES, P.C.
45 Merrimack Street - Suite 330
Lowell, MA 01852
978-970-2211

6

# Commonwealth of Massachusetts

**MIDDLESEX,ss**

**SUPERIOR COURT DIVISION**
**CIVIL ACTION NO: MICV2005-01409**

DAVID PALES,                          )
       **Plaintiff**                )
                      )
VS.                                   )
                      )
UNUM PROVIDENT CORP.,                 )
       **Defendant**               )

## PLAINTIFF'S, REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, UNUM PROVIDENT CORP.

Now comes the Plaintiff in the above-entitled action and pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, requests the Defendant, UNUM Provident, produce the following items for inspection and copying at the office of Attorney Todd D. Beauregard, Esq., PALMA LAW OFFICES, P.C., 45 Merrimack Street, Suite 330, Lowell Massachusetts, 01852, within thirty (30) days from the date of service of this request upon you:

This request is intended to cover all records and documents in the possession of defendant or subject to Defendant's custody and control, whether they are located at defendant's place of residence, any principal or secondary business office, or within the possession of any other person or organization and being subject to the defendant's custody and control.

If the attorney-client or attorney work-product privilege is claimed with respect to any document, statement or conversation identified or referred to in the following requests, please state the precise nature of the privilege claimed, the reason for the claim of privilege, and the author of the document, the date and the parties to the conversation with respect to which the privilege is claimed.

All documents and records specified in each of the numbered paragraphs which follow shall be for the period commencing from the date of the incident, up to and including the date of production of said documents, unless a different date is specified; provided, however, that defendant shall supplement all responses to this Request for Production of Documents with any such documents and records acquired after the production date and until time of trial.

### DEFINITIONS

As used in this Request for Production of Documents, the definitions of the terms set forth below shall be as follows:

- "Plaintiff" includes all Plaintiffs in this action and their agents, representatives and attorneys, and each and every one of them.

- "You" and "your" shall specifically refer to defendant or, wherever applicable, to anyone acting on your behalf.

- "Defendant" includes all Defendants in this action and their agents, servants, employees, representatives and attorneys, and each and every one of them.

- "Person" or "persons" shall include natural persons, sole proprietorships, firms, partnerships, associations, joint ventures and corporations.

- "Expert" shall mean any person or persons whom you expect to call as expert witnesses at trial or with whom you consult in connection therewith.

- "Accident," "incident" or "occurrence" shall mean the alleged incident or occurrence involving Plaintiff and Defendant made the subject of this action.

- "Relating to," "concerning" and "referring to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or regarding.

- "Documents" and "records" shall mean the original, all copies and drafts of writings of any kind, including, and without limiting the generality of the foregoing, correspondence, memoranda, reports, notes, letters, messages (including notations and reports, notes and memoranda of telephone conversations and conferences), calendar and diary entries, contracts, records, data and agreements. The terms shall also apply to any information requested which is recorded within or upon any computer, computer disk, computer printout, tape, data sheet or data processing card, and shall likewise include any other written, recorded, transcribed, punched, taped, filmed or graphic matter. The terms shall include all written, typewritten, printed and photocopied, drawn, graphic, photographic, recorded, filmed and microfilmed materials of every description; including, by way of illustration, but not of limitation, the following: blueprints, plans, sketches, diagrams, drawings, maps, charts, graphs and models; books, logs, diaries, journals, ledgers, notebooks and reports; notes, minutes of meetings, memoranda, letters, correspondence, telegrams; photographs, films, microfilms, tapes, videotapes and recordings; mathematical and scientific formulae, computations and data; purchase orders, invoices, confirmations, contracts, agreements, equipment leases, sales slips, receipts, bills, checks, cancelled checks, check registers, bank statements, brokerage account statements and other writings and printed materials specifically referred to in the following numbered requests; checklists, quality control records, line setting tickets and testing and inspection tags, reports and records; instructions, directions, warnings, packing slips, package inserts, labels, signs, tags, owners' manuals, operators' manuals, repair shop, maintenance and installation manuals; parts lists, catalogues, brochures and circulars; and preliminary drafts and amended or modified versions or copies of any of the foregoing.

- "Statement" shall mean a written statement signed or otherwise adopted or approved by the person making it; and stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

- The use of any term, whether singular or plural, shall be interpreted broadly so as to effect maximum disclosure of those documents requested and no use of any such term shall be interpreted in any way so as to limit same.

1. All insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a Judgment which may be entered in the instant litigation, or to indemnify or reimbursement for payments made to satisfy said Judgment, which said agreements were in effect on or about the date of this alleged accident.

2. Copies of all written statements, written letters, written notices or any other written documents, and/or oral statement that can be reduced narratively to writing, and/or oral statement taken by means of a recording device given or made by the Plaintiff and given to the Defendant or to any representative or employer of the said Defendant relative to the allegations in the Plaintiff's Complaint.

3. Copies of all written statements, written reports, written notices or any other written documents, and/or oral statements that can be reduced narratively to writing, and/or oral statements taken by means of a recording device that can be reduced narratively to writing, which were made by employee/agents of the Defendant and given to any representative of the said Defendant's insurance company relative to the allegations in the Plaintiff's Complaint.

4. Please provide all documents in the possession, custody and/or control of the said Defendant that relate to the claims handling process, including but not limited the guidelines in determining the benefits in a disability claim.

5. Each photograph and/or documents which the Defendant intends to introduce as evidence at the trial of this case.

6. All documents in the possession, custody and/or control of the said Defendant that relate directly or indirectly to any aspect of the Plaintiff's claim as set forth in the Complaint or the Defendant's Answer.

7. Copies of any and all agreements, signed or unsigned, written, oral or transcribed, between the Plaintiff and the Defendant and/or any other parties to this action concerning the matters alleged in the Complaint or the Answer.

8. All documents which purport to show that the Plaintiff was not entitled to short or long term benefits.

9. All documents in the possession, custody and/or control of the said Defendant which relate

to the UNUM Disability policy or policies issued to the plaintiff.

10.  Copies of any and all documents between the Plaintiff and UNUM

11.  Copies of medical reports of any physicians concerning medical examinations conducted by them of the Plaintiff from the time of the accident to the present time, on behalf of the said Defendant or his insurer.

12.  Copies of any and all communications and/or documents of any expert retained by or on behalf of the said Defendant regarding any events or happening referred to in the Complaint.

13.  Copies of any and all documents which UNUM relied upon, reviewed or created to deny any short or long term benefits to the plaintiff.

14.  Copies of any and all documents which any experts retained by or on behalf of the said Defendant relied upon or made reference to in any opinion regarding any of the events or happenings referred to in the Complaint or Answer.

Respectfully submitted,
Plaintiff, David Pales
By his attorney,

Date 6/26/05

Todd D. Beauregard, Esquire
BBO# 630650
PALMA LAW OFFICES, P.C.
45 Merrimack Street - Suite 330
Lowell, MA 01852
978-970-2211

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON REVERSE OF THE FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **David Pales**<br>**North Chelmsford, MA** | **UnumProvident Corporation**<br>**Chattanooga, TN** |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Middlesex**<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Todd D. Beauregard, Esq., BBO #630650<br>Palma Law Offices, P.C.<br>45 Merrimack Street, Ste. 330<br>Lowell, MA  01852<br>(978) 970-2211 | ATTORNEYS (IF KNOWN)<br>John J. Aromando, BBO # 545648<br>Pierce Atwood LLP<br>One Monument Square<br>Portland, ME  04101<br>(207) 791-1100 |

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF THE SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med. Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Emp. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**ERISA, 29 U.S.C. § 1101, et seq. involving denial of long term disability benefits under employee benefit plan.**

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION<br>☐ UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   Yes   X No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

| DATE<br>July 22, 2005 | SIGNATURE OF ATTORNEY OF RECORD<br>John J. Aromando, BBO #545648 |
|---|---|

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)**___ David Pales v. UnumProvident Corporation

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

| | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. | |
|---|---|---|---|
| X | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
| | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
| | V. | 150, 152, 153. | |

05 11556 WGY

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**

                                                        YES          (NO)

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)**

                                                        YES          (NO)

   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**

                                                        YES          NO

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?**

                                                        YES          (NO)

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**

                                                        YES          (NO)

   A.   **IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?**

        **EASTERN DIVISION**              **CENTRAL DIVISION**              **WESTERN DIVISION**

   B.   **IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?**

        (**EASTERN DIVISION**)            **CENTRAL DIVISION**              **WESTERN DIVISION**

**(PLEASE TYPE OR PRINT)**

**ATTORNEY'S NAME**___ John J. Aromando, BBO#545648, PIERCE ATWOOD LLP

**ADDRESS**___ One Monument Square, Portland, ME   04101

**TELEPHONE NO.**___ (207) 791-1100

(Cover sheet local.wpd  - 11/27/00)