UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID PALES, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNUMPROVIDENT )<br>CORPORATION, )<br>)<br>Defendant ) | Civil Action No. 05cv 11556 WGY |

## ANSWER

Defendant UnumProvident Corporation ("UnumProvident") responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### COUNT I

3. Defendant repeats and reasserts its answers to the allegations contained in Paragraphs 1 and 2 as if set forth in full herein.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

{W0376792 1}

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint, but admits that Plaintiff was a participant under a policy issued by Unum Life Insurance Company of America to Plaintiff's employer, Cisco Systems, to fund an employee welfare benefit plan.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

## COUNT II

11. Defendant repeats and reasserts its answers to the allegations contained in Paragraphs 1 through 10 as if set forth in full herein.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant states that the contents of the Policy speak for themselves, and Defendant denies any allegations to the contrary.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendant admits that Plaintiff sent a letter on or about February 2, 2005, the contents of which speak for themselves, and Defendant denies any allegations to the contrary.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The nature of relief sought by Plaintiff is unavailable under ERISA and Plaintiff's claims are preempted by ERISA.

## FOURTH DEFENSE

Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the Policy.

## FIFTH DEFENSE

Defendant complied with and performed all of its promises, obligations and duties to Plaintiff under the Policy and the handling of the claim complied fully with the terms and conditions of ERISA.

## SIXTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendant's handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SEVENTH DEFENSE

Each and every act or statement done or made by Defendant and its officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

## EIGHTH DEFENSE

Any injury allegedly suffered by Plaintiff was caused or contributed to by the actions of parties other than Defendant.

## NINTH DEFENSE

Defendant's decisions were neither arbitrary nor capricious.

## REQUESTED RELIEF

Defendant respectfully requests: (i) that the Court dismiss the claims against it with prejudice and that judgment be entered in Defendant's favor on such claims; (ii) that Defendant Unum be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED:   July 25, 2005

_____
Christopher T. Roach, BBO# 632811
John J. Aromando, BBO# 545648
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100

*Attorney for Defendant*
*UnumProvident Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was served upon counsel for Plaintiff, via overnight mail, addressed as follows:

>Todd D. Beauregard, Esq.
>Palma Law Offices PC
>46 Merrimack Street, Suite 330
>Lowell, MA 01852

DATED: July 25, 2005

Christopher T. Roach, BBO# 632811