UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID PALES, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNUMPROVIDENT )<br>CORPORATION, )<br>)<br>Defendant ) | Civil Action No. 05-cv-11556 |

### AMENDED COMPLAINT WITH JURY DEMAND

NOW COMES the Plaintiff, David Pales, by her attorney, Todd D. Beauregard, and complaining of the Defendant states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the court is based upon the Employee Retirement Income security Act of 1974, as amended (ERISA); and in particular, 29 U.S. § 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which, in this case, consists of a group long term disability plan issue and administered by UNUM Provident Corporation for the benefit of its insured, including David Pales (SSN: 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). In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331 which gives the district court jurisdiction over the actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Although Plaintiff initiated such appeals, the Defendants failed in its duty to provide Plaintiff with a "full and fair review" as required by the ERISA regulations at 29 C.F.R. § 2560.503-1.

3. Venue is proper in the Massachusetts District Court under 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

## NATURE OF ACTION

4. This is a claim seeking an award to Plaintiff of disability income benefits pursuant to an employee welfare benefit plan ("Plan") providing group long term disability benefits to its insured. This action, seeking recovery of benefits, is brought pursusant to § 502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B).

## THE PARTIES

5. The Plaintiff, David Pales is a resident of North Chelmsford, County of Middlesex, Massachusetts located with in the District Court of Massachusetts.

6. Defendant, UNUM Provident Corporation (UNUM) is an insurance corporation with an usual place of business located at 655 North Central Avenue, Suite 800, Glendale, CA 91203, licensed to do business under the laws of the Commonwealth of Massachusetts; and is listed as the underwriter of a group employee long term disability plan and is at all times relevant hereto doing business throughout the United States and within the District of Massachusetts.

7. At all times relevant hereto, the Plan constituted an "Employee Welfare Benefit plan providing Weekly Disability Coverage and Long Term Disability Coverage" as defined in 29 U.S.C. § 1002(1) which may be sued under the plan as an entity, pursuant to 29 U.S.C. § 1132(d)(1); and incident to his employment received coverage under the plan as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to the benefits under the proposed plan.

## FACTS

8. By a group policy of insurance underwritten by Defendant UNUM, the Defendant undertook and agreed to pay the benefits stated therein in the event the Plaintiff became totally and permanently disabled by an accidental injury or disease before reaching the age of sixty-five (65) years old.

9. On or about April 18, 2001, the Plaintiff became totally and permanently disabled under the terms of the policy.

10. Under the terms of the Defendant UNUM's long term disability policy the plaintiff was paid short term benefits from April 18, 2001 through October 16, 2001.

11. Thereafter without cause or reason, Defendant UNUM wrongfully discontinued and refused to continue disability benefit payments effective October 17, 2001 under the terms of long term disability policy of which the Plaintiff was a participant.

12. At all relevant times hereto, the Plaintiff has procured various treating doctor's reports and opinions which deemed him disabled and unable to perform for wage or profit the material and substantial duties of any job for which he was reasonably fitted by his education, training or experience.

13. At all relevant times hereto, from October 17, 2001 through September 14, 2002, and from February 3, 2003 through May 9, 2003, the Plaintiff was medically advised that he was incapable of performing his occupation, as defined by the qualifying terms of the plan on any basis.

14. Defendant, UNUM has been duly notified of the demand to reinstate the Plaintiff, David Pales for long term disability in accordance with the terms of the Defendants policy and Defendant, UNUM has refused and continues to refuse reinstatement.

15. On or about September 23, 2003, UNUM denied Mr. Pales' claim for long term disability stating that it was not filed timely and that he did not provide the documentation that UNUM requested, claims that are erroneous.

16. The Plaintiff as a result thereof has been damaged by the loss of monthly long term disability benefits of $112,746.78 dating back to October 17, 2001, and additional cost including attorney fees associated with this lawsuit.

17. At no time has UNUM required the Plaintiff, David Pales to undergo an independent medical examination despite Plaintiff's offer to do such.

18. The Plaintiff, David Pales has fulfilled his obligation to exhaust administrative remedies under

the Plan prior to commencing suit.

## COUNT I - BREACH OF CONTACT -UNUM

19. Plaintiff re-alleges each and every allegation of paragraphs one through eighteen (18) of Plaintiff's complaint.

20. Defendant breached their group policy contract of long term disability with Plaintiff, David Pales by denying his claim for disability after Plaintiff met the requirements of disability under the contract, and in otherwise failing to accept her claim for benefits.

21. The Defendant has denied any and all obligations under the policy and refused to pay any insurance benefits thereunder and by such denial and refusal committed a breach of the policy contract,

WHEREFORE the Plaintiff David Pales, prays this Honorable Court for Judgment in an amount for compensatory, plus exemplary damages, costs pre and post judgment interest and attorney fees allowed by statute or otherwise against the Defendant, UNUM PROVIDENT Corporation.

## COUNT II - ERISA VIOLATIONS -UNUM

22. Plaintiff re-alleges each and every allegation of paragraphs one through twenty-one (21) of Plaintiff's complaint.

23. That the Defendant's group plan providing long term disability coverage for the Plaintiff is a plan administered under an employee benefit plan covered under the Employment Retirement Income Security Act of 1974 as amended (hereinafter referred to as ERISA). 29 U.S.C. Section 1001 et al.

24. That the Defendant, UNUM has discretionary authority under the plan and to determine eligibility for benefits.

25. The Defendant, UNUM abused its discretion by denying Plaintiff a full and fair review as provided for under the ERISA Section 503(2), 29 U.S.C. 1133(2). Defendants denies the Plaintiff the right to long term disability payments dating back to October 17, 2001.

26. The Defendant, UNUM has acted arbitrarily and capriciously by relying on reports of non-examining doctors and thereby have abused its discretion when they discontinued benefits.

27. The Defendant UNUM has denied the Plaintiff, David Pales the rights to long term disability benefits dating back to October 17, 2001 and prospective and ongoing benefits in direct violation of ERISA section 1132(a)(1)(b).

28. The Plaintiff as a result thereof has been damaged by the loss of monthly disability benefits of $112,746.78 dating back to October 17, 2001 and seeks compensatory costs, including attorney fees and exemplary damages as provided under ERISA section 502(a)(2), 29 U.S.C. 1132(a)(2) et al.

WHEREFORE, the Plaintiff David Pales prays this Honorable Court for Judgment in an amount for compensatory, plus exemplary damages, costs pre and post judgment interest, and attorney fees as allowed under statute or otherwise against the Defendant UNUM PROVIDENT Corporation.

*PLAINITFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY*

Respectfully submitted,
Plaintiff, David Pales
By his attorney,

Todd D. Beauregard, Esquire
BBO# 630650
PALMA LAW OFFICES, P.C.
45 Merrimack Street - Suite 330
Lowell, MA 01852
978-970-2211

Date 10/1/05