UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 NOV 21 A 8: 39
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DAVID PALES, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) Civil Action No. 05-cv-11556-WGY |
| UNUMPROVIDENT CORPORATION, | ) ) ) ) |
| Defendant | ) |

## ANSWER TO AMENDED COMPLAINT

Defendant UnumProvident Corporation ("UnumProvident") responds to Plaintiff's Amended Complaint as follows:

### FIRST DEFENSE

### JURISDICTION AND VENUE

1.  In response to Paragraph 1 of Plaintiff's Amended Complaint, Defendant states that Paragraph 1 is a legal conclusion, to which no response is required. To the extent a response is required, it admits the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2.  Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.  Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

## NATURE OF THE ACTION

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

## THE PARTIES

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. In response to Paragraph 7 of Plaintiff's Amended Complaint, Defendant states that Paragraph 7 is a legal conclusion, to which no response is required.

## FACTS

8. In response to Paragraph 8 of Plaintiff's Amended Complaint, Defendant states that the contents of the group policy of insurance speak for themselves, and Defendant denies any allegations to the contrary.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. In response to Paragraph 15 of Plaintiff's Amended Complaint, Defendant states that the contents of the letter speak for themselves, and Defendant denies any allegations to the contrary.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

## COUNT I – BREACH OF CONTRACT

19. Defendant repeats and reasserts its answers to the allegations contained in Paragraphs 1 and 18 as if set forth in full herein.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

## COUNT II – ERISA VIOLATIONS – UNUM

22. Defendant repeats and reasserts its answers to the allegations contained in Paragraphs 1 and 21 as if set forth in full herein.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

### SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The nature of relief sought by Plaintiff is unavailable under ERISA and Plaintiff's claims are preempted by ERISA.

### FOURTH DEFENSE

Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the Policy.

### FIFTH DEFENSE

Defendant complied with and performed all of its promises, obligations and duties to Plaintiff under the Policy and the handling of the claim complied fully with the terms and conditions of ERISA.

### SIXTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendant's handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

### SEVENTH DEFENSE

Each and every act or statement done or made by Defendant and its officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

### EIGHTH DEFENSE

Any injury allegedly suffered by Plaintiff was caused or contributed to by the actions of parties other than Defendant.

### NINTH DEFENSE

Defendant's decisions were neither arbitrary nor capricious.

### REQUESTED RELIEF

Defendant respectfully requests: (i) that the Court dismiss the claims against it with prejudice and that judgment be entered in Defendant's favor on such claims; (ii) that Defendant Unum be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED: November 18, 2005

                                               Geraldine G. Sanchez
                                               John J. Aromando, BBO# 545648
                                               PIERCE ATWOOD LLP
                                               One Monument Square
                                               Portland, ME 04101
                                               (207) 791-1100
                                               *Attorney for Defendant*
                                               *UnumProvident Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to Amended Complaint was served upon counsel for Plaintiff, via overnight mail, addressed as follows:

>Todd D. Beauregard, Esq.
>Palma Law Offices PC
>46 Merrimack Street, Suite 330
>Lowell, MA  01852

DATED:   November 18, 2005

_____
Geraldine G. Sanchez